IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERONICA ROMERO, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-762 |
| UNIVERSAL INSURANCE COMPANY | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendant* | § | |

**NOTICE OF REMOVAL OF UNIVERSAL INSURANCE COMPANY,
MISTAKENLY NAMED AS DEFENDANT AAA TEXAS, LLC.**

Universal Insurance Company, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC, (Universal) and pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, hereby gives notice of removal to this Court of a lawsuit styled *Veronica Romero v. AAA Texas, LLC*, Cause No. DC-17-09330, originally filed in the 44th Judicial District Court, Dallas County, Texas, on the basis of diversity jurisdiction, and in support thereof would respectfully show this Court as follows:

**I.   BACKGROUND AND NATURE OF THE CASE**

This is uninsured motorist coverage liability claim brought by Veronica Romero, Plaintiff, who alleges she was injured in an automobile accident which allegedly occurred on July 3, 2016 in Fort Worth, Texas. In her initial pleadings Ms. Romero asserts she is an individual residing in Dallas County, Texas. She also alleges Defendant AAA Texas, LLC is a company licensed to do business in the State of Texas. *See Exhibit 2, Plaintiff's Original*

*Petition, Sections II.2,3*. However, Universal, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC, filed a verified Answer denying AAA Texas, LLC is the proper Defendant and asserting Universal is the proper Defendant. *See Exhibit 6, Universal's Verified Answer, Section III.3*. Defendant Universal also filed a Motion to Transfer Venue from Dallas County to Tarrant County, which has now been granted by the 44th District Court of Dallas County. *See Exhibit 7*. Plaintiff's counsel agrees that the proper party is Universal Insurance Company. *See Exhibit 8*. Defendant Universal is a foreign business formed in North Carolina with its principal place of business in North Carolina. The parties are all diverse in citizenship.

## II.  REMOVAL IS TIMELY

Defendant first received Plaintiff's Original Petition by service of process through their agent for service on August 18, 2017. *See Exhibit 5*.  This Notice of Removal is filed within thirty (30) days of the date Defendant first received the initial pleading and summons, and thus, is timely filed under 28 U.S.C. § 1446(b)(1).

## III.  DIVERSITY JURISDICTION EXISTS

This United States District Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a)(1) and (c) because it is between citizens of different states, and the claims asserted by Plaintiff involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. *See Exhibit 2, Plaintiff's Original Petition, Section 1*. As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and (c).  Therefore, removal is proper.  *See* 28 U.S.C. §1441(a).

A.   **Complete diversity of citizenship**

Diversity of citizenship among Plaintiff and Defendants is apparent from the face of Plaintiff's Original Petition, coupled with Universal's Answer and this Notice of Removal. *See Exhibit 2, Plaintiff's Original Petition, Section 2*.

Plaintiff Veronica Romero is a resident and citizen of Dallas County, Texas. Defendant Universal is a North Carolina foreign corporation, is principally located in North Carolina, and is a citizen of North Carolina.

B.   **Amount in controversy**

   1.   **Determining the amount in controversy**

Under established federal law, a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282 (1938)); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469 (S.D. Tex. 1995); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993). In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. §1446(c)(2); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

   2   **Plaintiff Claims the Amount in Controversy Exceeds $75,000.00**

Plaintiff's Original Petition demands, on its face, monetary relief over $100,000.00, but less than $200,000.00. *See Exhibit 2, Plaintiff's Original Petition, Section 1*. Based on Plaintiff's pleadings, the amount in controversy clearly exceeds $75,000.

## V. PROCEDURAL REQUIREMENTS

Removal of this action is proper under 28 U.S.C. § 1441(a), given that it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are diverse in citizenship. By virtue of filing this Notice of Removal, Defendant does not waive its rights to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure. Plaintiff requested a jury trial in the initial proceeding. *See Exhibit 2, Plaintiff's Original Petition, Section VIII.26.*

All of the papers on file in the State Court case at the time of removal are attached hereto. Those papers include copies of Plaintiff's Original Petition, Civil Case Information Sheet, Citation on Defendant, Affidavit of Service for Defendant, Defendant Universal's Verified Answer to Plaintiff's Original Petition and Defendant Universal's Motion to Transfer Venue. *See Exhibits 1-7*. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk for the 44th Judicial District Court, Dallas County, Texas, promptly after the filing of this Notice.

## VI. CONCLUSION

All conditions and procedures for removal have been satisfied. Defendant is filing a completed Civil Cover Sheet. An index of all documents filed in the state court is attached hereto.

Additionally, any filing fee is being tendered to the Clerk of the United States District Court for the Northern District of Texas, Fort Worth Division. Defendant will promptly give

notice of the filing of this Notice of Removal to Plaintiff and will promptly file a Notice of Removal with the Clerk for the 44th Judicial District Court, Dallas County, Texas.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Universal Insurance Company, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC, respectfully requests this action now pending against it in the 44th Judicial District Court, Dallas County, Texas, be removed to this Honorable Court for trial and determination of all issues.

Respectfully submitted,

By: */s/ David M. Hymer*
**DAVID M. HYMER**
State Bar No. 10380250
david.hymer@qpwblaw.com

**J. KEVIN THOMPSON**
State Bar No. 19925500
kevin.thompson@qpwblaw.com

**QUINTAIROS, PRIETO, WOOD & BOYER, PA.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

**ATTORNEYS FOR DEFENDANT UNIVERSAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of September, 2017, a true and correct copy of the foregoing document was forwarded via electronic filing and regular mail to the following counsel of record:

Ramez Shamieh
Shamieh Law
1111 West Mockingbird Lane
Suite 1160
Dallas, Texas 75247
**ramez@shamiehlaw.com**

*/s/ David M. Hymer*
**DAVID M. HYMER**