FILED
DALLAS COUNTY
8/1/2017 6:58 PM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittman

# CIVIL CASE INFORMATION SHEET

DC-17-09330

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |

STYLED  Veronica Romero v. AAA Texas, LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: Ramez Shamieh | Email: ramez@shamiehlaw.com |
| Address: 1111 W mockingbird Ln 1160 | Telephone: 214-389-7333 |
| City/State/Zip: Dallas, TX 75247 | Fax: 214-389-7335 |
| Signature: /s/ Ramez Shamieh | State Bar No: 24066683 |

### Names of parties in case:

Plaintiff(s)/Petitioner(s):
Veronica Romero

Defendant(s)/Respondent(s):
AAA Texas, LLC

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

### Civil

**Contract**

*Debt/Contract*
[ ] Consumer/DTPA
[ ] Debt/Contract
[ ] Fraud/Misrepresentation
[ ] Other Debt/Contract:

*Foreclosure*
[ ] Home Equity—Expedited
[ ] Other Foreclosure
[ ] Franchise
[ ] Insurance
[ ] Landlord/Tenant
[ ] Non-Competition
[ ] Partnership
[ ] Other Contract:

**Injury or Damage**

[ ] Assault/Battery
[ ] Construction
[ ] Defamation
*Malpractice*
[ ] Accounting
[ ] Legal
[ ] Medical
[ ] Other Professional Liability:

[X] Motor Vehicle Accident
[ ] Premises
*Product Liability*
[ ] Asbestos/Silica
[ ] Other Product Liability List Product:

[ ] Other Injury or Damage:

**Real Property**

[ ] Eminent Domain/ Condemnation
[ ] Partition
[ ] Quiet Title
[ ] Trespass to Try Title
[ ] Other Property:

**Related to Criminal Matters**

[ ] Expunction
[ ] Judgment Nisi
[ ] Non-Disclosure
[ ] Seizure/Forfeiture
[ ] Writ of Habeas Corpus— Pre-indictment
[ ] Other:

### Family Law

**Marriage Relationship**
[ ] Annulment
[ ] Declare Marriage Void
*Divorce*
[ ] With Children
[ ] No Children

**Other Family Law**
[ ] Enforce Foreign Judgment
[ ] Habeas Corpus
[ ] Name Change
[ ] Protective Order
[ ] Removal of Disabilities of Minority
[ ] Other:

**Post-judgment Actions (non-Title IV-D)**
[ ] Enforcement
[ ] Modification—Custody
[ ] Modification—Other

**Title IV-D**
[ ] Enforcement/Modification
[ ] Paternity
[ ] Reciprocals (UIFSA)
[ ] Support Order

**Parent-Child Relationship**
[ ] Adoption/Adoption with Termination
[ ] Child Protection
[ ] Child Support
[ ] Custody or Visitation
[ ] Gestational Parenting
[ ] Grandparent Access
[ ] Parentage/Paternity
[ ] Termination of Parental Rights
[ ] Other Parent-Child:

**Employment**
[ ] Discrimination
[ ] Retaliation
[ ] Termination
[ ] Workers' Compensation
[ ] Other Employment:

**Other Civil**
[ ] Administrative Appeal
[ ] Antitrust/Unfair Competition
[ ] Code Violations
[ ] Foreign Judgment
[ ] Intellectual Property
[ ] Lawyer Discipline
[ ] Perpetuate Testimony
[ ] Securities/Stock
[ ] Tortious Interference
[ ] Other:

**Tax**
[ ] Tax Appraisal
[ ] Tax Delinquency
[ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
[ ] Dependent Administration
[ ] Independent Administration
[ ] Other Estate Proceedings

[ ] Guardianship—Adult
[ ] Guardianship—Minor
[ ] Mental Health
[ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action

[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment

[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[X] Over $100, 000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

**EXHIBIT**

**1**

Rev 2/13

FILED
DALLAS COUNTY
8/1/2017 6:58 PM
FELICIA PITRE
DISTRICT CLERK

1-CIT ATTY

DC-17-09330                                              Marissa Pittman

CAUSE NO. _____

| | | |
|---|---|---|
| VERONICA ROMERO | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. ____ |
| | § | |
| AAA TEXAS, LLC | § | |
| | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Veronica Romero files her Original Petition and Request for Disclosure complaining of

AAA Texas, LLC and states the following:

### I.
### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff seek monetary relief

over $100,000.00, but less than $200,000.00, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorney's fee; and request that this case be placed into Level

2 Discovery Control Plan.

### II.
### PARTIES

2.      Veronica Romero is an individual residing in Dallas County, Texas.

3.      Defendant AAA Texas, LLC ("AAA") is a company licensed to do business in Texas and

may be served through its registered agent for service of process at: National Registered Agents,

Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.
### VENUE AND JURISDICTION

4.      Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a).

Furthermore, this Court has jurisdiction in that the damages being sought are within the

jurisdictional limits of this Court.

---

**PLAINTIFF'S ORIGINAL PETITION**                                              Page 1

**EXHIBIT**
**2**

## IV.
## FACTS

5.    Veronica Romero was involved in a motor vehicle collision on July 3, 2016 (hereinafter referred to as the "Collision").

6.    The Collision was proximately caused by the negligence of an uninsured driver (hereinafter referred to as the "Uninsured Driver").

7.    All of Plaintiff's damages was caused by the negligence of the Uninsured Driver.

8.    AAA issued an insurance policy that provided coverage to Plaintiff for all damages incurred in a motor vehicle collision wherein damages are sustained as the result of an Uninsured, negligent driver (hereinafter referred to as "The Insurance Policy").

9.    Plaintiff made a demand on AAA through its agent, to pay the policy limits available under The Insurance Policy. The demand was unlawfully denied, and not one dollar was offered to Plaintiff.

## V.
## CAUSES OF ACTION

### *Breach of Contract*

10.    Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety.  Having determined that the Uninsured Driver was, at the time of the Collision, operating an Uninsured motor vehicle, as defined by The Insurance Policy, Plaintiff timely and properly notified Defendant AAA of the Collision and made a claim therein (hereinafter referred to as "The Claim").  In making The Claim, Plaintiff was fully and properly satisfied with all conditions of The Insurance Policy. Nevertheless, Defendant AAA, through the actions of its agent, failed and refused to pay any benefits owed under The Insurance Policy as it is contractually required to do.

11.    Defendant AAA, through the actions of its agent, further breached The Insurance Policy by failing to timely comply the provisions of The Insurance Policy which require and call for a

prompt acknowledgment, investigation, evaluation, and payment of The Claim.

12.     The above referenced actions constitute breach of contract by Defendant AAA, which proximately caused Plaintiff' damages.

### *Breach of Duty of Good Faith and Fair Dealing*

13.     Defendant AAA refused to pay Plaintiff a fair value for The Claim, though Defendant AAA knew or should have known that it was reasonably clear The Claim was covered by The Insurance Policy.  In addition, Defendant AAA handled The Claim in a manner that is (a) in violation of how Defendant AAA agreed such would be handled, (b) in violation of The Texas Insurance Code and (c) in violation of the Texas Deceptive Trade Practices-Consumer Protection Act. The      above-referenced actions constitute a breach of the duty of good faith and fair dealing which proximately caused Plaintiff' damages.

### *Texas Insurance Code, Chapter 541*

14.     Defendant AAA's acts and/or omissions constitute violations of the one or more of the following sections of the Texas Insurance Code:

     a.      § 541.051 - Defendant AAA committed an unfair method of competition or an unfair or deceptive act or practice in the business of insurance in violation of the Texas Insurance Code by making, issuing, or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued: (A) the terms of the policy; (B) the benefits or advantages promised by the policy; or (C) the dividends or share of surplus to be received on the policy.

     b.      § 541.052 - Defendant AAA committed an unfair method of competition or an unfair or deceptive act or practice in the business of insurance by making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

     c.      § 541.060 - Defendant AAA committed an unfair method of competition or an unfair or deceptive act or practice in the business of insurance by engaging in one or more of the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and

equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; (4) failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; (5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; (6) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; (8) with respect to a Texas personal automobile insurance policy, delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim.

d.      § 541.061 - Defendant AAA committed an unfair method of competition or an unfair or deceptive act or practice in the business of insurance by misrepresenting an insurance policy by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

15.    Thus, Defendant AAA is liable to Plaintiff pursuant to § 541.151 of the Texas Insurance Code, as well as the DTPA, Section 17.50.

### *Texas Insurance Code, Chapter 542, Subchapter A*

16.    Defendant AAA's acts and/or omissions constitute violations of the one or more of the following sections of the Texas Insurance Code:

a.      § 542.003 - Defendant engaged in business in this state engaged in one or more of the following unfair claim settlement practices: (1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue; (2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy; (3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies; (4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; (5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder; (6) failing to maintain the information required by Section 542.005; or (7) committing another act the commissioner

determines by rule constitutes an unfair claim settlement practice.

### *Texas Insurance Code Chapter 542, Subchapter B*

17.     Defendant AAA's acts and/or omissions constitute violations of the one or more of the following sections of the Texas Insurance Code:

a.     § 542.055. RECEIPT OF NOTICE OF CLAIM. (a) Not later than the 15th day or, if the insurer is an eligible surplus lines insurer, the 30th business day after the date an insurer receives notice of a claim, the insurer shall: (1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant. (b) An insurer may make additional requests for information if during the investigation of the claim the additional requests are necessary. (c) If the acknowledgment of receipt of a claim is not made in writing, the insurer shall make a record of the date, manner, and content of the acknowledgment.

b.     § 542.056. NOTICE OF ACCEPTANCE OR REJECTION OF CLAIM. (a) Except as provided by Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. (b) If an insurer has a reasonable basis to believe that a loss resulted from arson, the insurer shall notify the claimant in writing of the acceptance or rejection of the claim not later than the 30th day after the date the insurer receives all items, statements, and forms required by the insurer. (c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must state the reasons for the rejection. (d) If the insurer is unable to accept or reject the claim within the period specified by Subsection (a) or (b), the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.

c.     § 542.057. PAYMENT OF CLAIM. (a) Except as otherwise provided by this section, if an insurer notifies a claimant under Section 542.056 that the insurer will pay a claim or part of a claim, the insurer shall pay the claim not later than the fifth business day after the date notice is made. (b) If payment of the claim or part of the claim is conditioned on the performance of an act by the claimant, the insurer shall pay the claim not later than the fifth business day after the date the act is performed. (c) If the insurer is an eligible surplus lines insurer, the insurer shall pay the claim not later than the 20th business day after the notice or the date the act is performed, as applicable.

d.     § 542.058. DELAY IN PAYMENT OF CLAIM. (a) Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060. (b) This section does not apply in a case in which it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid

by the insurer.

18.     Thus, Defendant AAA is liable to Plaintiff for violating the above provisions pursuant to

Texas Insurance Code § 542.060.

### *Violations of the Texas Deceptive Trade Practices Act*

19.     Plaintiff is a consumer.   Defendant AAA's conduct as described above constitutes a

violation of the Texas Deceptive Trade Practices Act.  More particularly, Defendant AAA violated

the following sections of the DTPA:

    a.     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not (Section 17.46(b)(5));

    b.     Advertising goods or services with intent not to sell them as advertised (Section 17.46(b)(9));

    c.     Breach of an express or implied warranty (Section 17.50(a)(2));

    d.     An unconscionable action or course of action (Section 17.50(a)(3));

    e.     The use or employment by any person of an act or practice in violation of Chapter 541, Texas Insurance Code (Section 17.50(a)(4)).

### VI.
### DAMAGES

### *Actual damages*

20.     Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their

entirety. Plaintiff incurred the following actual damages for which they seek recovery:

    a.     <u>Medical Expenses:</u>  Plaintiff incurred bodily injuries which were caused by the Collision.  Plaintiff incurred medical expenses in the past.

    b.     <u>Lost Wages:</u>  Plaintiff incurred lost wages.

    c.     <u>Physical Pain</u>:  Plaintiff endured severe and constant physical pain in the past and will endure pain in the future.

    d.     <u>Mental Anguish</u>:  Plaintiff endured mental anguish in the past and will endure mental anguish in the future.

---

e.   <u>Impairment</u>: Plaintiff endured physical impairment in the past, and will continue to suffer the effects in the future.

### *Attorneys' Fees*

21.   Pursuant to Section 38.001 et. seq. of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as well as Texas Insurance Code Sections 541.152 and 542.060, Plaintiff is entitled to recover all reasonable and necessary attorneys' fees incurred in the prosecution of this action.

### *Punitive, Treble, and Other Damages*

22.   Plaintiff is entitled to 18% interest on her damages as a result of Defendant AAA's violation of Chapter 542 of the Texas Insurance Code.

23.   Defendant AAA's conduct as described above was committed knowingly and intentionally. Defendant AAA's conduct involved an extreme degree of risk. Defendant AAA was aware of this risk, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. Therefore, Plaintiff seeks recovery of punitive, treble and any other additional damages that the law allows under the causes of action asserted above.

24.   All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred.

### VII.
### DISCLOSURE REQUEST

25.   Request is hereby formally made for Defendant AAA to provide Plaintiff with responses to Plaintiff's Request for Disclosure pursuant to Rule 194 of the Texas Rules of Civil Procedure.

### VIII.
### JURY DEMAND

26.   Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

## IX.
## RELIEF SOUGHT

27.     Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention

to use any of the documents exchanged and/or produced between any party during the trial of this

case.  All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred

or have been performed.

30.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages

sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c),

Texas Rules of Civil Procedure, Plaintiff states that she seeks monetary relief less than

$100,000.00.  As discovery takes place and testimony is given, Plaintiff will be in a better position

to give the maximum amount of damages sought.

31.     Plaintiff requests that Defendant AAA be cited to appear and answer and that this case be

tried after which Plaintiff recover:

     a.      Judgment against Defendant AAA for a sum within the jurisdictional limits of this
     Court for the damages indicated above;

     b.      Statutory Penalties and Interest;

     c.      18% interest under the Texas Insurance Code;

     d.      Pre-judgment interest at the maximum amount allowed by law;

     e.      Post-judgment interest at the maximum rate allowed by law;

     f.      Reasonable and necessary attorneys' fees;

     g.      Costs of suit; and

     h.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/ Ramez F. Shamieh
Ramez F. Shamieh
Texas State Bar No. 24066683
Louisiana State Bar No. 35558
New York State Bar No. 5280219
ramez@shamiehlaw.com

**Shamieh Law, PLLC**
1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
T: 214.389.7333
F: 214.389.7335
**ATTORNEY FOR PLAINTIFF**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**    **AAA TEXAS LLC**
**SERVING REGISTERED AGENT NATIONAL REGISTERED AGENTS INC**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VERONICA ROMERO**

Filed in said Court  **1st day of August, 2017** against

**AAA TEXAS LLC**

For Suit, said suit being numbered **DC-17-09330,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
   GAY LANE

---

**ATTY**

**CITATION**

---

DC-17-09330

---

**VERONICA ROMERO**
vs.
**AAA TEXAS LLC**

ISSUED THIS
**4th day of August, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

---

**Attorney for Plaintiff**
RAMEZ F SHAMIEH
SHAMIEH LAW PLLC
1111 WEST MOCKINGBIRD LANE
SUITE 1160
DALLAS TX 75247
214-389-7333

---

DALLAS COUNTY CONSTABLE
FEES       FEES NOT
PAID         PAID





# OFFICER'S RETURN

Case No. : DC-17-09330

Court No.44th District Court

Style: VERONICA ROMERO

vs.

AAA TEXAS LLC

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of_____at _____o'clock_____.M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   AAA TEXAS LLC
      SERVING REGISTERED AGENT NATIONAL REGISTERED AGENTS INC
      1999 BRYAN STREET SUITE 900
      DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VERONICA ROMERO**

Filed in said Court **1st day of August, 2017** against

**AAA TEXAS LLC**

For Suit, said suit being numbered <u>DC-17-09330,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Gay Lane_____, Deputy
      GAY LANE

---

**ATTY**

**CITATION**

DC-17-09330

**VERONICA ROMERO**
vs.
**AAA TEXAS LLC**

ISSUED THIS
**4th day of August, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
RAMEZ F SHAMIEH
SHAMIEH LAW PLLC
1111 WEST MOCKINGBIRD LANE
SUITE 1160
DALLAS TX 75247
214-389-7333

---

DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID            PAID



# OFFICER'S RETURN

Case No. : DC-17-09330

Court No.44th District Court

Style: VERONICA ROMERO

vs.

AAA TEXAS LLC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows: To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | | _____ |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
8/25/2017 3:28 PM
FELICIA PITRE
DISTRICT CLERK

## AFFIDAVIT OF SERVICE

Dianne Coffey

**State of Texas**      **County of Dallas**      **44th Judicial District Court**

Case Number: DC-17-09330

Plaintiff:
**Veronica Romero**

vs.

Defendant:
**AAA Texas, LLC**

For:
Ramez Shamieh
1111 W. Mockingbird Ln
Suite 1160
Dallas, TX 75247

Received by On Time Process Service on the 18th day of August, 2017 at 12:00 pm to be served on **Registered Agent for AAA Texas, LLC National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **18th day of August, 2017 at 3:10 pm, I:**

Executed service by delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** , to: **Antoinette Williams** as **Authorized Acceptance Agent** at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201**, who is authorized to accept service for **AAA Texas, LLC**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 18th day of
August, 2017 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

JONATHAN PEKAR
Notary Public, State of Texas
My Commission Expires
December 29, 2018

_____
**Anthony Collins**
SCH 357 Expires 12/31/2019

**On Time Process Service**
**1700 Pacific Ave**
**Suite 1040**
**Dallas, TX 75201**
**(214) 740-9999**

Our Job Serial Number: ONT-2017002723
Ref: Veronica Romero

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g

**EXHIBIT**
**5**



FILED
DALLAS COUNTY
9/8/2017 10:16 AM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-17-09330

| | | |
|---|---|---|
| VERONICA ROMERO | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | 44th JUDICIAL DISTRICT |
| AAA TEXAS, LLC | § | |
| | § | |
| *Defendant* | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND VERFIFIED DENIAL TO PLAINTIFF'S ORIGINAL PETITION SUBJECT TO DEFENDANT'S MOTION TO TRANSFER VENUE

**TO THE HONORABLE COURT:**

COMES NOW, Universal Insurance Company, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC. and files this its *Original Answer and Verified Denial to Plaintiff's Original Petition Subject to Defendant's Motion to Transfer Venue* and in support thereof would respectfully show unto this Honorable Court as follows:

### I.   GENERAL DENIAL

1.   Defendant, in accordance with TEXAS RULE OF CIVIL PROCEDURE 92, generally denies each and every, all and singular, the allegations contained in *Plaintiff's Original Petition* and demands strict proof thereof.

### II.   AFFIRMATIVE DEFENSES

2.   For further answer, should same be necessary, Defendant pleads the following by way of affirmative defenses:

a.   **Failure to Mitigate.** In the unlikely event that Defendant is found to have any liability for the claims alleged by Plaintiff, which liability is specifically denied, Defendant


EXHIBIT
6

affirmatively pleads its liability to Plaintiff, if any, should be reduced pursuant to Plaintiff's failure to mitigate her alleged damages.

b.     **Pre-Existing Injuries and/or Disabilities.**   Defendant affirmatively pleads Plaintiff's claims are barred, in whole or part, in that Plaintiff's damages and injuries are the result in whole or in part of a pre-existing or subsequent condition, injury and/or disability of Plaintiff, and are not the result of acts and/or omissions of Defendant.

c.     **Limitation of Damages (Paid or Incurred).**   Defendant affirmatively pleads Plaintiff's evidence of and/or recovery of medical or health care expenses, if any, be limited to the amount actually paid or incurred by or on behalf of the Plaintiff pursuant to §41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

### III.   <u>VERIFIED DENIAL</u>

3.     Pursuant to Texas Rule of Civil Procedure 93(1) and (4), Universal Insurance Company, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC enters this verified denial asserting that Defendant AAA Texas, LLC has no liability in the legal capacity in which it has been sued. Specifically, Defendant AAA Texas, LLC is neither the entity which sold the policy at issue to Plaintiff nor was it the entity which communicated with Plaintiff or her counsel. Universal Insurance Company issued the policy in question to Plaintiff and communicated with Plaintiff and her counsel. The correct Defendant's name is Universal Insurance Company.

### IV.   <u>DEFENDANT' REQUEST FOR DISCLOSURE TO PLAINTIFF</u>

Defendant requests that Plaintiff disclose the information and material prescribed in Texas Rule of Civil Procedure 194.2(a)-(l). Plaintiff's Responses to Defendant's Request for

Disclosure is due 30 days from the date of service. In additional, Plaintiff is required to supplement her responses as provided by the Texas Rules of Civil Procedure.

## V. PRAYER

**WHEREFORE PREMISES CONSIDERED,** Universal Insurance Company, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC prays that:

Upon final hearing hereof, Plaintiff VERONICA ROMERO take nothing by way of her causes of action herein; Defendant recover its costs herein expended; and for such other and further relief, at law or in equity, to which Defendant is justly entitled to receive.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:    /s/ David M. Hymer

**DAVID M. HYMER**
State Bar No. 10380250
**J. KEVIN THOMPSON**
State Bar No. 19925500
david.hymer@qpwblaw.com
kevin.thompson@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)
**COUNSEL FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

A copy of the foregoing document has been served upon the following counsel of record via the Court's electronic filing system on this _8th_ day of September, 2017 to:

***VIA EMAIL:* ramez@shamiehlaw.com**
Ramez Shamieh
Shamieh Law
1111 West Mockingbird Lane
Suite 1160
Dallas, Texas 75247

_/s/ David M. Hymer_
**DAVID M. HYMER**

# V E R I F I C A T I O N

STATE OF NORTH CAROLINA    §
                                §
COUNTY OF FORSYTH         §

    BEFORE ME, the undersigned authority, on this day personally appeared VICTORIA COX, authorized representative of Universal Insurance Company who being by me duly sworn, upon her oath deposed and stated that she has read Paragraph III of DEFENDANT' ORIGINAL ANSWER AND VERIFIED DENIAL TO PLAINTIFF'S ORIGINAL PETITION and that, based upon her personal knowledge, the allegations and statements of fact contained therein are true and correct.

                               _Victoria Cox_
                               Victoria Cox, authorized representative of
                               Universal Insurance Company

    SUBSCRIBED AND SWORN TO BEFORE ME on this 7th day of September, 2017.

                             _Verona Kaye Long 9·7·17_
                             Notary Public in and for the State of North Carolina
                             _Verona Kaye Long_
                             Printed Name of Notary Public

                             _My Commission Expires 9·10·21_

                            VERONA KAYE LONG
                                Notary Public
                                SURRY COUNTY
                             STATE OF NORTH CAROLINA

FILED
DALLAS COUNTY
9/8/2017 10:07 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-09330

| | | |
|---|---|---|
| VERONICA ROMERO | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AAA TEXAS, LLC | § | |
| | § | 44th JUDICIAL DISTRICT |
| | § | |
|     Defendants. | § | |
| | § | DALLAS COUNTY, TEXAS |

TO THE HONORABLE COURT:

**COMES NOW,** Universal Insurance Company, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC. and files this its *Motion to Transfer Venue* and in support thereof would respectfully show unto this Honorable Court as follows:

## I.  DEFENDANT'S MOTION TO TRANSFER VENUE

Universal Insurance Company, the proper Defendant, mistakenly named as Defendant AAA Texas, LLC. in the above-style and numbered case files this Motion to Transfer Venue, seeking an order from the Court transferring Plaintiff's claims against Defendant to Tarrant County, Texas because Plaintiff failed to show venue is proper in the present Court, the alleged claims against Defendant arise out of an occurrence in which all or a substantial part of the alleged events or alleged omissions giving rise to the claim arose in a different county, this Defendant's principal office is in a different state and Plaintiff was a resident of Tarrant County at the time of the alleged incident. Therefore, venue is improper in the present Court.

## II.  SUMMARY OF THE ARGUMENT

Transferring this case is appropriate because Plaintiff's causes of action, as alleged against Defendant, arise out an alleged automobile accident which occurred in Tarrant County. Furthermore, AAA Texas, LLC has been mistakenly named as Defendant, the proper Defendant

EXHIBIT

7

Universal Insurance Company's principal office is in a different state, Plaintiff was a resident of Tarrant County at the time of the alleged incident and the proper Defendant has no connection with Dallas County.  As such, Plaintiff violated the general venue rule and, as shown in more detail below, this Court should transfer the claims against Defendant to Tarrant County.

## III. BACKGROUND FACTS

This lawsuit arises from an alleged automobile accident.  *See Plaintiff's Petition already on file with the Court.*  Plaintiff simply states venue is proper in this court pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a). *See Plaintiff's Petition at p. 1.*  This is untrue; proper Defendant Universal Insurance Company's principal office is in another state, North Carolina.  Further, Plaintiff was a resident of Tarrant County at the time of the alleged incident and all relevant venue facts occurred in Tarrant County, Texas. *See Defendant's Original Answer and Verified Denial to Plaintiff's Original Petition Subject to Defendant's motion to Transfer Venue.*

## IV. AUTHORITIES

Defendant asks the Court to transfer this claim to a county of proper venue.  The general venue rule set forth in section 15.002 of the Civil Practice & Remedies Code provides:

All lawsuits shall be brought:

1. in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

2. in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

3. in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

4. if subsections (1) (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

A plaintiff's choice of venue stands unless challenged by proper motion to transfer venue.  Once challenged, the plaintiff has the burden to present prima facie proof (probative evidence)

that venue is maintainable in the county of suit. However, if the plaintiff fails to discharge the burden, the right to choose a proper venue passes to the defendant, who must then prove venue is proper in the defendant's chosen county. *In re Missouri Pacific Railroad Co.,* 998 S.W.2d 212, 216 (Tex. 1999); *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex. 1999); *Geochem Tech Corp. v. Verseckes,* 962 S.W.2d 541, 543 (Tex. 1998).

In making the venue determination, the court must make its decision based on the pleadings, any stipulations, and the affidavits and attachments. *See* Tex. R. Civ. P. 87. The hearing on a motion to transfer venue is non-jury, for argument only, and no evidence may be received. *See Eddins v. Parker,* 63 S.W.3d 15, 18 (Tex. App. – El Paso 2001, no pet.). All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party. When a venue fact is specifically denied, the party pleading the fact must make prima facie proof. *Geochem Tech Corp. v. Verseckes,* 962 S.W.2d 541, 543 (Tex. 1998).

The trial court must then transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue. *See Eddins v. Parker,* 63 S.W.3d 15, 18 (Tex. App. – El Paso 2001, no pet.).

## V.  ARGUMENTS

Plaintiff pled no valid facts establishing venue as proper in Dallas County.  Invoking the venue rule as established by section 15.002 of the Civil Practice & Remedies Code and applying it to the facts of Plaintiff's claims, Tarrant County is the proper place to bring the lawsuit.

Proper Defendant Universal insurance Company's principal place of business is not in Texas, but rather in North Carolina. Further, the alleged accident made the basis of this suit took place in Tarrant County. At the time of the alleged incident, Plaintiff resided in Tarrant County, Texas.  All of the alleged events or omissions giving rise to the claims occurred in Tarrant

County and not in Dallas County. Dallas County has simply no ties to the present action is not a proper county in which to hear this suit.

Tarrant County is the appropriate venue because the essential facts of the instant matter arose in Fort Worth, Texas which is located in Tarrant County. Because Plaintiff failed to allege facts which support maintaining the action in Dallas County, Texas, the Court should transfer to Tarrant County, a proper county under the general venue provision.

## VI. CONCLUSION

Defendant respectfully prays the court set this matter for hearing and after hearing, the court grant this motion and transfer this matter to Tarrant County, Texas, the proper county of venue. Defendant further prays for all other relief to which it shows itself entitled.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:    /s/ David M. Hymer
      **DAVID M. HYMER**
      State Bar No. 10380250
      **J. KEVIN THOMPSON**
      State Bar No. 19925500
      david.hymer@qpwblaw.com
      kevin.thompson@qpwblaw.com

      1700 Pacific Avenue, Suite 4545
      Dallas, Texas 75201
      Telephone:  (214) 754-8755
      Facsimile:  (214) 754-8744
      **Attorneys for Defendant Triumph LP d/b/a Kindred Hospital Sugar Land and Kindred Healthcare, Inc.**

## CERTIFICATE OF SERVICE

A copy of the foregoing document has been served upon the following counsel of record via the Court's electronic filing system on this _8th_ day of September, 2017 to:

*VIA EMAIL:* ramez@shamiehlaw.com
Ramez Shamieh
Shamieh Law
1111 West Mockingbird Lane
Suite 1160
Dallas, Texas 75247

/s/ David M. Hymer
**DAVID M. HYMER**

CAUSE NO. DC-17-09330

| | | |
|---|---|---|
| **VERONICA ROMERO** | § | **IN THE DISTRICT COURT** |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AAA TEXAS, LLC** | § | **44th JUDICIAL DISTRICT** |
| | § | |
| | § | |
|     **Defendant** | § | **DALLAS COUNTY, TEXAS** |

### ORDER GRANTING DEFENDANT'S
### MOTION TO TRANSFER VENUE

After full consideration of Defendant's Motion to Transfer Venue, and after reviewing the pleadings on file, the Motion and arguments of counsel, and noting Dallas County is not the proper venue, the Court concludes such motion is well taken and should be GRANTED. It is therefore:

ORDERED, ADJUDGED AND DECREED that this cause be and hereby is transferred from Dallas County to *a County Court at Law in* Tarrant County. The Clerk of this Court is to have the file and the documents related to this cause of action delivered to the appropriate *County Court at Law in* Tarrant County, Texas court. Plaintiff is to pay the applicable fees necessary to effectuate transfer.

SIGNED this 15th day of September, 2017.

_____

JUDGE PRESIDING

**Kevin Thompson**

| | |
|---|---|
| **From:** | Ramez Shamieh <ramez@shamiehlaw.com> |
| **Sent:** | Thursday, September 14, 2017 11:28 AM |
| **To:** | David M. Hymer; 'Jonathan McKinnon' |
| **Cc:** | Kevin Thompson; Esveidi Ortega |
| **Subject:** | RE: DC-17-09330, Veronica Romero vs. AAA Texas |

I will agree to the transfer, but only transferring it to county court (not district).

I will also be amending the petition to adding the correct name.

**From:** David M. Hymer [mailto:david.hymer@qpwblaw.com]
**Sent:** Thursday, September 14, 2017 11:07 AM
**To:** 'Jonathan McKinnon' <jmckinnon@dallascourts.org>; Ramez Shamieh <ramez@shamiehlaw.com>
**Cc:** Kevin Thompson <kevin.thompson@qpwblaw.com>
**Subject:** RE: DC-17-09330, Veronica Romero vs. AAA Texas

Ramez, I have added Kevin Thompson on the email change.  Please let us know.  Plus, Kevin has been trying to reach you to discuss other issues as well.  Please call.  Thanks.

**David M. Hymer**
**Partner**



**Quintairos, Prieto, Wood & Boyer, P.A.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone: (214)754-8755
Fax:  (214)754-8744
Cell:  (214)274-6622
Email: david.hymer@qpwblaw.com

**From:** Jonathan McKinnon [mailto:jmckinnon@dallascourts.org]
**Sent:** Thursday, September 14, 2017 7:34 AM
**To:** ramez@shamiehlaw.com
**Cc:** David M. Hymer
**Subject:** DC-17-09330, Veronica Romero vs. AAA Texas

Ramez, D filed an answer and motion to Transfer Venue to Tarrant County.  Are you going to be agreeing to that motion?

I only ask because if you are I'm not going to spend time sending notices for a scheduling conference.

Jonathan


**Jonathan McKinnon**
**Court Coordinator**
**44th District Court**



EXHIBIT
8

**214-653-6996**

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com